BARRY W. ROREX (AZ Bar #025910)
LAW OFFICE OF BARRY W. ROREX
2 E. CONGRESS, SUITE 900
TUCSON, AZ 85701
Telephone: (520) 495-7596
Facsimile: (520) 838-8061
Email: barry@brorexlaw.com
Attorney for Debtors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

In re:

ALISSA AMBER BLANCHARD and
MATTHEW P. BLANCHARD,

Debtors.

Proceedings under Chapter 13

Case No. 4:09-bk-27101-EWH

---

ALISSA AMBER BLANCHARD and
MATTHEW P. BLANCHARD

Plaintiffs,

v.

COMPASS BANK,

Defendant.

Adversary Proceeding
Case No. 4:10-ap-00893-EWH

**COMPLAINT TO DETERMINE EXTENT AND VALIDITY OF JUNIOR LIEN**

COME NOW Plaintiffs/Debtors, ALISSA AMBER BLANCHARD and MATTHEW P. BLANCHARD ("Plaintiffs" or "Debtors"), by and through the undersigned attorney, pursuant to 11 U.S.C. §§ 105 and 522, and to Rule 7001 of the *Federal Rules of Bankruptcy Procedure*, and allege as follows:

**JURISDICTION AND VENUE**

1. This matter is a core proceeding.

2. This Court has both personal and subject matter jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**NATURE OF THE ACTION**

4. This action is an adversary proceeding brought pursuant to 11 U.S.C. §§ 105 and 522

- 1 -

| | |
|---|---|
| 1 | and Rule 7001, Fed.R.Bankr.P., to determine the extent and validity of a second lien |
| 2 | asserted by COMPASS BANK ("COMPASS"). |
| 3 | 5. Plaintiffs/Debtors seek a determination and declaration as to the nature and extent of a |
| 4 | Promissory Note held by COMPASS and secured by a Deed of Trust on Debtors' |
| 5 | homestead and how such lien should be treated in Debtors' Chapter 13 Plan. |

## BACKGROUND

6. Debtors filed their Chapter 13 petition on September 2, 2009.

7. Debtors have filed a proposed Chapter 13 Plan for reorganization.

8. Debtors are the owners of real property, used as their primary residence, located at 7433 S. Lasso Ln., Tucson, AZ 85747, and more particularly described as follows:

> Lot 267 of the west at Rita Ranch, according to the plat of record in the office of the County Recorder of Pima County, Arizona.
> Parcel ID: 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

9. On Schedule A of their Bankruptcy filing, Debtors valued their primary residence at $177,000.00.

10. COMPASS is a Delaware corporation licensed to do business in Arizona, whose registered agent for service in Arizona is:

> CT Corporation System
> 2394 E. Camelback Rd.
> Phoenix, AZ 85016.

11. Bank of America ("BAC"), is believed to be the current holder of a promissory note in the original amount of $202,500.00 secured by a first Deed of Trust against Debtors' homestead. BAC has not filed a Proof of Claim showing that the current amount owed on the first mortgage but at the time of filing the balance was $191,275.31.

12. The first lien was recorded in the office of the Pima County Recorder on or about August 29, 2005. (A copy of pertinent portions of the Deed of Trust is attached as Exhibit "1" hereto).

13. COMPASS is believed to be the current holder of a promissory note in the original amount of $64,000. secured by a second Deed of Trust on the Debtors' homestead.

COMPASS has filed a Proof of Claim showing that the current amount owed on the second mortgage is $54,873.51. (COMPASS Proof of Claim No. 8 is attached as Exhibit "2" hereto).

14. The COMPASS second lien was recorded in the office of the Pima County Recorder on or about September 21, 2006.

15. The COMPASS second lien is junior and subordinate to the first lien.

16. An appraisal of the current value of Debtors' homestead was made in October, 2009. Pursuant to the appraisal, the true current value of Debtors' homestead is $177,000. (A copy of the appraisal is attached as Exhibit "3" hereto).

17. Based on the appraised value, the value of Debtors' residence at the time of filing was less that the amount owed on the first lien to BAC.

## COUNT I
## LIEN AVOIDANCE

18. Plaintiffs re-allege and incorporate paragraphs 1-17 above as if fully set forth herein.

19. COMPASS holds a junior lien on Plaintiffs' residence.

20. Because the value of the property is less than the amount Plaintiffs owe to BAC on the first mortgage, the COMPASS junior lien has no value, whatsoever.

21. Because it is wholly unsecured, the COMPASS second lien may be avoided pursuant to 11 U.S.C § 506(a) and (d).

22. This Circuit, consistent with the majority of other Circuits, has held that the holder of a junior lien on a Debtor's residence is wholly unsecured and not entitled to the protection of 11 U.S.C. § 1322(b)(2) when the value of the residence is less than, or equal to, the amount owed on superior liens. In re Zimmer, 313 F.3d 1220 (9th Cir. 2002).

23. Because the second lien may be avoided, COMPASS should be treated as an unsecured creditor in Debtors' Chapter 13 case and Chapter 13 Plan.

WHEREFORE. Plaintiffs/Debtors pray this Court for the following relief:

1. A determination that Defendant COMPASS has no secured interest for the loan

- 3 -

1. secured by the second Deed of Trust on Debtors' residence

2. A determination that for purposes of Debtors' Chapter 13 Plan only, the COMPASS second lien should be valued at $0, that lien holder does not have a secured claim and the lien may not be enforced pursuant to 11 U.S.C. §§ 506, 1322(b)(2) and 1327, and that HRC should be treated as an unsecured creditor in Debtors' Chapter 13 Plan;

3. An Order that upon entry of a discharge in Debtors' Chapter 13 case, the COMPASS lien shall be voided for all purposes and requiring Defendant to release the second mortgage lien on Debtors' residential property pursuant to 11 U.S.C. § 506(d), immediately upon entry of the Discharge Order and deliver same to the attorney for Debtors within twenty (20) days from the date of the entry of said Order at no charge or fee for the cancellation and delivery;

4. An Order directing the Trustee that any timely filed Proof of Claim filed by Defendant for the second mortgage lien be treated as an unsecured claim under the Chapter 13 Plan;

5. An Order that each party shall bear their own cost in this action; and

6. For such other relief as this Court may deem just and reasonable under the circumstances.

DATED this 18th day of May, 2010.

                                      **THE LAW OFFICE OF BARRY W. ROREX, PLC**

                                    By     /s/ Barry W. Rorex
                                             **Barry W. Rorex, Attorney for Debtors**
                                             **Alissa Amber Blanchard and Matthew P. Blanchard**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above was sent by Certified U.S. Mail this 18th day of May, 2010 to:

COMPASS BANK
C/O C T CORPORATION SYSTEM
2394 EAST CAMELBACK ROAD
PHOENIX, AZ 85016

/s/ Barry W. Rorex
_____
Barry W. Rorex